UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20014-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JAMIUS NATHANIEL COLSTON,

     Defendant.

_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for the Defendant Jamius Nathaniel Colston. (ECF No. 44). I held that hearing on August 11, 2021, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1.    At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant, and make all findings and rulings concerning Defendant's sentence.

2.    Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney and the Assistant United States Attorney all agreed on the record and consented to my conducting the change

of plea hearing. Defendant also consented to my holding the hearing by video conference. And, both parties agreed that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution that they were eager to finalize and they did not want to further delay the matter. Further, Defendant does not want to delay his designation to a Bureau of Prisons facility that may be closer to his family. Pursuant to S.D. Fla. Administrative Order 2021-51, I find that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice.

3.      I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.      The parties entered into a written plea agreement and had that document with them at the hearing; the plea agreement was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, Defendant pled guilty to Count 1 of the Indictment, which charges Defendant with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). (ECF No. 3).

5.      The parties also agreed to a written factual proffer, and had that document with them at the hearing. This too was later filed with the Court. Defendant said that he read that factual proffer, and agreed to its accuracy; he also confirmed that he signed it. Government counsel stated a factual basis for the entry of Defendant's guilty plea, and

2

identified all of the essential elements of the offenses to which the Defendant plead guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. Defendant also explained in his own words, how he committed the crimes charged in the Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant acknowledged that he understood these possible penalties, including the maximum ten (10) year period of imprisonment.

6.    Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate Defendant guilty of Count 1 of the Indictment.

7.    The U.S. Probation Office will prepare a pre-sentence investigation report, and the Defendant was advised that his **sentencing has been scheduled for November 4, 2021, at 10:00 a.m., before the Honorable Donald M. Middlebrooks, in Miami**.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Count 1 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only

3

those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b), 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** this 11th day of August, 2021, at Miami, Florida.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Donald M. Middlebrooks
       Counsel of record